UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CONESTOGA WAGON CO. LLC,<br><br>Plaintiff,<br><br>v.<br><br>PLAINSCRAFT, LLC,<br><br>Defendant. | Case No. 4:19-cv-00251-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant, PlainsCraft's Motion to Dismiss for Lack of Jurisdiction (Dkt. 12) and Plaintiff, Conestoga Wagon Co.'s Motion for Leave to Conduct Jurisdictional Discovery (Dkt. 19). The motions are fully briefed and at issue. For the reasons discussed below the Court will grant Conestoga's motion to conduct jurisdictional discovery and deny PlainsCraft's motion to dismiss without prejudice.

# BACKGROUND

Conestoga Wagon Co. is a Wyoming company with its principal place of business in Bloomington, Idaho. Conestoga manufactures luxury covered camping wagons, which it sells to campgrounds and other customers across the United States. *Compl.* ¶ 10. PlainsCraft is a Kansas company that also manufactures luxury camping wagons.

Conestoga claims that PlainsCraft's founder, Dennis Steinman contacted Conestoga staff pretending to be a potential buyer in order to obtain details about Conestoga's product, manufacturing, and pricing, with the intention of using that information to start his own business building luxury camping wagons. *Compl.* ¶¶ 48-51. Conestoga claims that Steinman started his own business building and marketing camping wagons, which are "confusingly similar" in design to Conestoga's wagons. *Id.* ¶¶ 53-58. Conestoga claims that PlainsCraft has infringed Conestoga's trademarks and trade dress, and this infringement constitutes unfair competition. *Id.* ¶¶ 72, 94.

PlainsCraft moves to dismiss Conestoga's complaint, arguing that it has insufficient contacts with Idaho to confer personal jurisdiction on Idaho courts over PlainsCraft. Specifically, PlainsCraft contends that Steinman's contacts with Conestoga staff occurred prior to the formation of PlainsCraft, and as such, cannot be imputed to PlainsCraft for purposes of personal jurisdiction. Further,

PlainsCraft contends that it does not engage in targeted marketing efforts in Idaho, has never sold any products to an Idaho resident, has never shipped any products to Idaho, and generally has no other connections to Idaho. *Def.'s Mem.* at 9, Dkt. 12-1.

Conestoga filed a motion to conduct jurisdictional discovery to determine the extent and nature of Steinman's relationship to PlainsCraft and to confirm that PlainsCraft's assertions that it has no other contacts with Idaho are true. *Pl.'s Mem.* at 3-4, Dkt. 20.

## ANALYSIS

At this early stage of the proceedings, a plaintiff need only establish a prima facie case for personal jurisdiction to survive a motion to dismiss. *See Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 128 (9th Cir.1995). Where discovery "might well demonstrate facts sufficient to constitute a basis for jurisdiction," a district court abuses its discretion if it denies an opportunity for such discovery. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements, Ltd.,* 328 F.3d 1122, 1135 (9th Cir. 2003).

Conestoga has at least a colorable claim that discovery might yield facts sufficient to establish a prima facie case of personal jurisdiction over PlainsCraft. Pre-incorporation contacts of an individual can be attributed to the corporation for the purposes of analyzing personal jurisdiction. *See Burlington Indus., Inc. v.*

*Yanoor Corp.*, 178 F. Supp. 2d 562, 568 (M.D.N.C. 2001). Typically, pre-incorporation activity involves some type of contractual agreement. *See Chartrand v. Barney's Club, Inc.*, 380 F.2d 97, 101 (9th Cir. 1967). However, if as alleged, Steinman is PlainsCraft's sole organizer and PlainsCraft relied on the designs acquired by Steinman prior to its incorporation, then Steinman's conduct may be attributed to PlainsCraft for purposes of jurisdiction.

Further, Conestoga seeks to confirm PlainsCraft's claims that it had no other contacts with Idaho. PlainsCraft operates a passive website which is available nationally; further, it is not disputed that PlainsCraft markets its products outside of Kansas. If PlainsCraft had contacts with Idaho or an Idaho resident this may support jurisdiction.

Without rendering any opinion on the merits of the personal jurisdiction issue, the Court finds that Conestoga has at least made a colorable claim that requires jurisdictional discovery before the personal jurisdiction issue can be resolved. The Court will therefore grant the motion for leave to conduct jurisdictional discovery and give Conestoga 90 days to complete discovery. The Court will deny the motion to dismiss – not on the merits, but for the pragmatic reason that the motion needs to be re-filed (if necessary) after the jurisdictional discovery is completed so that it can contain a full analysis of that evidence.

With regard to the discovery on the personal jurisdiction issue, the discovery will be limited to: (1) The nature and extent of Steinman's relationship to PlainsCraft, (2) Steinman's and PlainsCraft's knowledge of Conestoga, Conestoga's camping wagon, Conestoga's location in Idaho, and possible damage to Conestoga by PlainsCraft's or Steinman's activities, and (3) the details of PlainsCraft's contacts with Idaho (if any). The parties shall draft a detailed Discovery Plan concerning how they will conduct this discovery and file it with the Court within 10 days following this decision. If any disputes arise, the parties will contact Law Clerk Wade Foster immediately at wade_foster@id.uscourts.gov.

## ORDER

**IT IS ORDERED that**

1. Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (Dkt. 19) is **GRANTED**, plaintiff shall have 90 days to complete discovery.

2. Discovery on personal jurisdiction shall be limited to: (1) The nature and extent of Steinman's relationship to PlainsCraft, (2) Steinman's and PlainsCraft's knowledge of Conestoga, Conestoga's camping wagon, Conestoga's location in Idaho, and possible damage to Conestoga by PlainsCraft's or Steinman's activities, and (3) the details of PlainsCraft's contacts with Idaho (if any). The parties shall

draft a detailed Discovery Plan concerning how they will conduct this discovery and file it with the Court within 10 days following this decision. If any disputes arise, the parties will contact Law Clerk Wade Foster immediately at wade_foster@id.uscourts.gov.

3. Defendant's Motion to Dismiss (Dkt. 12) is **DENIED WITHOUT PREJUDICE**.

DATED: December 6, 2019

_____
B. Lynn Winmill
U.S. District Court Judge